[No. 968. Decided December 21, 1893.]

AUGUST SCHULZ, *Respondent*, v. C. M. JOHNSON, *Appellant*.

MASTER AND SERVANT — RISK OF EMPLOYMENT — NEGLIGENCE OF SERVANT.

Where a man employed to operate a trimmer saw is injured by the breaking of the rope which was attached to a weight to pull the saw back after being used, the saw and its attachments having been under his control and operated by him for a period of three months and a half, during which time he had never looked to see the condition of the rope, although it was plainly observable, his injury is due to his own negligence for failure to guard against an apparent risk of his employment.

*Appeal from Superior Court, Pierce County.*

*Crowley & Sullivan,* for appellant:

The evidence on behalf of the plaintiff clearly showed that he was a servant employed about dangerous machinery, and that he was injured by reason of the breaking of the same; that from the nature of his employment and his duties in connection with the particular saw, he was better acquainted with the condition of the same and the danger of the service than his employer or any of his fellow servants. *Week v. Fremont Mill Co.,* 3 Wash. 629; *Hogele v. Wilson,* 5 Wash. 160; *Kohn v. McNulta,* 147 U. S. 238; *Heath v. Whitebreast Coal & Mining Co.,* 65 Iowa, 737; *Atchison, etc., R. R. Co. v. Schroeder,* 27 Pac. Rep. 965;

*Irwin v. Alley*, 33 N. E. Rep. 517. Although an employer is required to furnish appliances reasonably safe, he is not required to furnish the best machinery and the safest methods. *Hogele v. Wilson*, 5 Wash. 160; *Wormell v. Maine Central R. R. Co.*, 10 Atl. Rep. 49; *Hayden v. Smithville Mfg. Co.*, 29 Conn. 548; *Shanny v. Androscoggin Mills*, 66 Me. 420; *Burke v. Witherbee*, 98 N. Y. 562. "Where one enters upon a service he assumes to understand it, and takes all the ordinary risks that are incident to the employment, and where the employment presents special features of danger, such as are plain and obvious, he also assumes such risks." *Foley v. Jersey City Elec. Light Co.*, 24 Atl. Rep. 487; *Fordyce v. Stafford*, 22 S. W. Rep. 161; *Naylor v. Chicago, etc., Ry. Co.*, 53 Wis. 661; *Sullivan v. India Mfg. Co.*, 113 Mass. 396; *Reese v. Clark*, 23 Atl. Rep. 246; *Carlson v. Oregon Short Line*, 21 Or. 450. It is the duty of the servant to go to work with his eyes open, and if he fails so to do he cannot recover. Beach, Cont. Neg., § 138; *Wormell v. Maine Central R. R. Co.*, 10 Atl. Rep. 52; *McGlynn v. Brodie*, 31 Cal. 377; *Railroad Co. v. Barber*, 5 Ohio St. 541; *Atchison, etc., R. R. Co. v. Plunkett*, 25 Kan. 188; *Olson v. McMullen*, 34 Minn. 94; *Pederson v. City of Rushford*, 42 N. W. Rep. 1063; *Leonard v. Collins*, 70 N. Y. 90; *Magee v. Chicago, etc., Ry. Co.*, 48 N. W. Rep. 92; *Northern Central Ry. Co. v. Husson*, 101 Pa. St. 1; *Perigo v. Chicago, etc., R. R. Co.*, 3 N. W. Rep. 43; *Taylor v. Carew Mfg. Co.*, 10 N. E. Rep. 308. For a period of three months and a half plaintiff was familiar with the manner in which the saw was operated and had an opportunity to ascertain its condition, and had a greater knowledge of it than the defendant. Under these circumstances he was bound to ascertain and know the condition of the machinery, and if it was out of repair to report that fact to the master. *Illinois Central R. R. Co. v. Jewell*, 46 Ill. 99; *Toledo, etc., Ry. Co. v.*

*Eddy*, 72 Ill. 138; *Pennsylvania Co. v. Congdon*, 33 N. E. Rep. 795; *Chicago, etc., Ry. Co. v. Clark*, 108 Ill. 113.

*Garvey & Smith*, for respondent:

It is the master's duty to furnish safe machinery and appliances, and to take the necessary precaution to have same inspected and examined at proper intervals to ascertain and inform himself of the condition of same. *Warden v. Old Colony R. R. Co.*, 137 Mass. 204; *Herbert v. Northern Pacific R. R. Co.*, 116 U. S. 642; *Columbia, etc., R. R. Co. v. Hawthorne*, 3 Wash. T. 353; *Cummings v. Furnace Co.*, 60 Wis. 603; *Morton v. Detroit, etc., R. R. Co.*, 46 N. W. Rep. 111; *Treadwell v. Whittier*, 80 Cal. 574; *Brownfield v. Hughes*, 128 Pa. St. 194. Servant has a right to assume without investigation that the machinery and appliances supplied by the master are safe. Deering, Neg., § 201; *Speed v. Atlantic, etc., R. R. Co.*, 71 Mo. 303; *Bridges v. St. Louis, etc., R. R. Co.*, 6 Mo. App. 389. The servant's negligence must have contributed to the injuries in order that such negligence on his part can defeat his right to recover. The risk assumed by the servant is the ordinary hazard incident to the employment, and that is synonymous with unavoidable accident. *Myers v. Hudson Iron Co.*, 150 Mass. 125; *Union Pacific R. R. Co., v. Fray*, 23 Pac. Rep. 1039; *Hall v. Chicago, etc., Ry. Co.*, 49 N. W. Rep. 239; *Amoto v. Northern Pacific R. R. Co.*, 46 Fed. Rep. 561; Wood, Master and Servant, § 359.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action brought by respondent to recover for personal injuries received by him in appellant's sawmill, while employed as a sawyer in said mill. The saw was what is called a "trimmer," and was set in a swinging frame attached to the rafters of the mill. It was drawn forward by the operator, and after it had

sawed the lumber desired, was drawn back and held in its place by a rope attached to the back of the frame which ran out through the outside of the mill, and to the end of which was attached a heavy weight. It was the breaking of this rope, to which the weight was attached, which allowed the saw to leap forward and do the damage which is complained of.

We think this case falls squarely within the rule laid down by this court in *Week v. Freemont Mill Co.*, 3 Wash. 629 (29 Pac. Rep. 215). In that case, it is true, the plaintiff testified that he knew that the rope was old, and that it looked worn and black, which is not the testimony in the case at bar; but in this case plaintiff's own testimony is, that he did not look at all; that he never examined the rope to see whether it was dangerous or safe. It is true, there is some conflict in the testimony as to whether the rope broke in front of or back of the pulley, but it clearly appears that the rope could have been examined in every part by the slightest effort, and any danger discovered and averted.

The plaintiff was employed to operate this saw. In accepting this employment he accepted the apparent risks incident to the employment, and the wearing out of a rope subjected to the strain to which this rope was subjected, and the extent of which was known to plaintiff, was certainly something which was apparent to the most common understanding. It was in no sense a complicated piece of machinery, with hidden defects, but it was an open attachment to the saw, working on the plainest principles of the attraction of gravitation, which the plaintiff, if he had sufficient knowledge to operate the saw at all, and he assumed that knowledge when he accepted the employment, could fully understand. He evidently did understand it, but was negligently heedless.

Plaintiff was injured on the 13th day of February, 1891.

He had been working about the mill since the 4th day of September, 1890, and had been engaged in operating the saw in question since the 1st day of November, 1890, being five and a half months employed in the mill and three and a half months operating the saw. Yet he testified that he never looked at the rope, although it was in sight of him; that he had no time to look at it. When a man is employed to operate machinery, and the machinery is under his control, it is his duty to exercise at least common prudence. It is presumed that the ordinary instincts of self-preservation will prompt a man to do this, and if he does not, he must suffer the consequences of his own negligent acts. In this case, according to plaintiff's testimony, we think he was grossly negligent, and that such negligence was the direct cause of the injury sustained.

The judgment will, therefore, be reversed, and the cause remanded with instructions to dismiss the action.

ANDERS, STILES, HOYT and SCOTT, JJ., concur.